IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE BRADLEY, | § | |
| | § | No. 119, 2018 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1704007822 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 10, 2018
Decided: October 24, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, and **SEITZ**, Justices.

## **ORDER**

This 24th day of October, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)     After finding drugs in the trunk of a car used by Jermaine Bradley, the State charged Bradley with various drug crimes. On November 3, 2017, a Superior Court judge found Jermaine Bradley guilty of Aggravated Possession of Cocaine, Drug Dealing, Possession with Intent to Deliver, and Possession of Drug Paraphernalia. The judge sentenced Bradley to an aggregate of ten years at Level 5, suspended after serving six years, followed by decreasing levels of supervision. On appeal Bradley argues for the first time that the search of his car violated Article I,

§ 6 of the Delaware Constitution, and therefore evidence seized as a result of the search should be suppressed. According to Bradley, the search warrant was defective because it was based on a canine drug sniff conducted without reasonable articulable suspicion of criminal activity. He also argues that there was insufficient evidence to support his convictions for Aggravated Possession of Cocaine and Drug Dealing.

(2) Bradley's State Constitutional claim does not meet the plain error standard of review, and thus we will not consider his argument for the first time on appeal. There is also sufficient evidence in the record to support his conviction for Aggravated Possession. Finally, the State has agreed that the case should be remanded for resentencing to merge the Aggravated Possession and Drug Dealing convictions. We therefore remand for resentencing as requested by the State, and otherwise affirm Bradley's convictions.

(3) While conducting surveillance of another individual for suspected drug dealing, Dover Police saw Bradley standing next to a blue Jaguar at the time of a drug buy. Sometime later, the police saw Bradley driving the same car in the same neighborhood where the surveillance took place. On April 11, 2017 Dover Police executed a search warrant for a residence in the neighborhood and found various controlled substances and a firearm. They also noticed a blue Jaguar parked in a

2

shopping center across from the residence at a time when stores in the shopping center were closed. Multiple "known and reliable confidential source[s]" told the police about a drug operation and identified Bradley as the supplier and his use of the blue Jaguar.[1] After executing the search warrant for the residence, they used a trained dog to sniff the outside of the Jaguar which resulted in a positive alert.

(4)     Relying on the positive alert and other information, a judge granted Detective Bumgarner a search warrant who searched the vehicle. The search yielded 156 grams of cocaine in packaged bags, a size "3XB" men's jacket, and a variety of documents with Bradley's name.[2] Police found the cocaine and some of the identifying items in the car trunk. Before trial, Bradley filed a motion to suppress the items seized in the search claiming a lack of evidence connecting him to the vehicle. He did not argue that the canine sniff constituted an unreasonable search under the Delaware Constitution. The Court found that Bradley's "possession" of the car, and therefore the items inside it, was an issue for trial and denied the suppression motion.[3]

(5)     The Superior Court judge held a bench trial on November 1, 2017. The primary issue was whether Bradley had possession of the vehicle, and therefore the

---

[1] App. to Opening Br. at A9 (Affidavit of Probable Cause).
[2] *Id*. at A34-A43 (Tr. of Bumgarner Testimony).
[3] *Id*. at A22-A23 (Tr. of Suppression Hearing).

3

cocaine inside it. Bradley argued that the car was registered in his mother's name and thus he did not own it. The Court found, however, that there was sufficient evidence to find Bradley in possession of the Jaguar based on his association with and use of the car and the documents found in the car. The judge found him guilty, beyond a reasonable doubt, on all counts.

(6) On appeal, Bradley raises four issues: (1) the canine sniff of the car was an illegal search under the Delaware Constitution, (2) the search warrant lacked probable cause because of the illegal sniff, (3) there was insufficient evidence to find him guilty of Aggravated Possession and (4) there was insufficient evidence to find him guilty of Drug Dealing.

(7) Because Bradley's State Constitutional claim was not raised before the Superior Court, we review the claim for plain error.[4] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[5] "The doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or clearly show manifest injustice."[6]

---

[4] Supr. Ct. R. 8; *Shawe v. Elting*, 157 A.3d 152, 168-69 (Del. 2017) (refusing to hear for the first time on appeal a constitutional argument).
[5] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[6] *Id.*

(8)    We decline to consider Bradley's State Constitutional claim because there was no plain error.  While we have occasionally addressed novel issues for the first time on appeal,[7] the established federal law in this area reduces any interest of justice in resolving the State Constitutional issue now.[8]  Because the error at issue was not so "basic, serious, and fundamental" in character to "clearly deprive an accused of a substantial right" we adhere to the requirements of Supreme Court Rule 8.  Further, because the canine sniff and alert were properly considered to support the warrant, there was sufficient probable cause to support the search warrant.

(9)    Bradley also argues that the Superior Court lacked sufficient evidence to support his conviction for Aggravated Possession.  Specifically, Bradley claims insufficient evidence supporting his constructive possession of the drugs.  We review Bradley's sufficiency of the evidence claims to determine "whether *any* rational trier of fact, viewing the evidence in the light most favorable to the State, could find [a] Defendant guilty beyond a reasonable doubt."[9]

(10)    To establish constructive possession, the State must show that Bradley (a) knew the location of the drugs; (b) had the ability to exercise dominion and control over the drugs; and (c) intended to guide the destiny of the drugs.[10]  The

---

[7] *Bullock v. State*, 775 A.2d 1043, 1057 (Del. 2001).
[8] *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (canine sniffs of vehicles do not constitute a search under the Fourth Amendment to the United States Constitution).
[9] *Williamson v. State*, 113 A.3d 155, 158 (Del. 2015) (emphasis in original).
[10] *White v. State*, 906 A.2d 82, 86 (Del. 2006).

5

Superior Court relied on a wide array of evidence linking him to the car and the cocaine. This included twelve documents with Bradley's name, or reference thereto, in the car—three of which were found in the trunk beside the cocaine and four of which were in the driver's side door; a bag of men's clothing also in the trunk; receipts for the car's repairs paid by Bradley; and multiple recent accounts of Bradley possessing the car, including the day before. The evidence would permit a rational fact finder to reach the conclusion beyond a reasonable doubt that Bradley knew the location of the cocaine, had the ability to exercise dominion and control over the cocaine, and intended to guide the destiny of the cocaine. Thus, a rational fact finder could conclude, viewing the evidence in the light most favorable to the State, that Bradley committed Aggravated Possession beyond a reasonable doubt.

(11) Finally, Bradley argues that the Superior Court lacked sufficient evidence on all elements of the Drug Dealing charge to find him guilty beyond a reasonable doubt. We need not decide this issue because, as both the State[11] and Bradley[12] agree, a remand for resentencing is necessary because this charge should merge with Aggravated Possession at sentencing.

---

[11] Ans. Br. at 16.
[12] Reply Br. at 8.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED in part, and REMANDED to the Superior Court for resentencing. Jurisdiction is not retained.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice